UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                  Case No. 11-20752

Darren Terry,                                               Honorable Sean F. Cox

    Respondent.

_____/

**<u>ORDER DENYING
PREMATURE § 2255 MOTION WITHOUT PREJUDICE</u>**

This matter is currently before the Court on Defendant / Petitioner Darren Terry's Motion filed under 28 U.S.C. § 2255. (Docket Entry No. 527). For the reasons that follow, the motion shall be denied as premature and dismissed without prejudice to the timely re-filing of a motion under § 2255 after Defendant's pending appeal to the Sixth Circuit has concluded.[1]

Defendant was sentenced by this Court on September 18, 2013, to a term of 225 months of imprisonment. Defendant appealed his judgment of conviction to the United States Court of Appeals for the Sixth Circuit.

Nevertheless, on November 14, 2014, while his direct appeal is still pending, Defendant filed the instant motion under 28 U.S.C. § 2255.

The Court concludes that Defendant's § 2255 Motion should be denied as premature and dismissed without prejudice. In *Capaldi*, the Sixth Circuit "adopt[ed] the rule espoused by

---

[1] Defendant is expressly cautioned that 28 U.S.C. § 2255 contains a one-year period of limitation, and that it is his responsibility to fully familiarize himself with the events that trigger the activation of the one-year limitation period.

multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi*, 135 F.3d at 1124.  The Sixth Circuit adopted that rule because an "application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal" and because a "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id*.

Defendant's direct appeal is currently pending in the Sixth Circuit and Defendant's § 2255 Motion does not indicate that any extraordinary circumstances exist that would warrant deviating from the general rule set forth in *Capaldi.*

Accordingly, **IT IS ORDERED** that Defendant's § 2255 Motion is **DENIED** as premature and **DISMISSED WITHOUT PREJUDICE** to Defendant's right to re-file a § 2255 motion once his pending appeal has become final.[2]

**IT IS FURTHER ORDERED** that the Government's Motion for Extension of Time to File a Response (Docket Entry No. 534) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated:  February 13, 2015	S/ Sean F. Cox	
	Sean F. Cox
	U. S. District Judge

---

[2]Should Defendant choose to re-file a § 2255 motion after his pending appeal is finalized, that subsequent motion will not be considered a second or successive motion pursuant to 28 U.S.C. § 2255.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                              Case No. 11-20752

Darren Terry,              Honorable Sean F. Cox

    Respondent.

_____/

PROOF OF SERVICE

I hereby certify that on February 13, 2015, the foregoing document was served on counsel of record via electronic means and upon Darren Terry via First Class mail at the address below:

Darren Terry #15441039
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

                                                          S/ J. McCoy
                                                          Case Manager