UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                      Crim. Case No. 11-20752

                                                      Hon. Sean F. Cox

DARREN TERRY,

    Defendant.

_____/

## ORDER DENYING § 2255 MOTION & DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

In Criminal Case Number 11-20752, Defendant/Petitioner Darren Terry ("Petitioner") pleaded guilty, pursuant to a Rule 11 agreement, to one count of conspiracy to distribute and to possess with intent to distribute controlled substances. This Court sentenced Petitioner to 225 months of imprisonment. Petitioner's conviction was affirmed on direct appeal.

The matter is now before the Court on Petitioner's *pro se* Motion to Vacate Sentence, brought pursuant to 28 U.S.C. § 2255. Because the files and records conclusively establish that Petitioner is not entitled to relief as to the claims in this motion, an evidentiary hearing is not necessary. The matter is therefore ready for a decision by this Court. For the reasons set forth below, the Court shall **DENY** the motion. The Court also **DECLINES** to issue a certificate of appealability.

**BACKGROUND**

Petitioner was one of 15 defendants indicted in this drug conspiracy case. Anthony Chambers ("Chambers") represented Petitioner through the plea stage. Stephon E. Johnson

1

("Johnson") represented Petitioner through the plea hearing and sentencing. Johnson also filed a direct appeal on Petitioner's behalf. Sometime thereafter, Johnson filed a motion to withdraw as counsel. Paul L. Nelson ("Nelson") was subsequently appointed to represent Petitioner on appeal.

On April 2, 2013, Petitioner pleaded guilty "to Count One of the Indictment, which charges a violation of 21 U.S.C. §§ 841(a)(1) and § 846, conspiracy to distribute and to possess with intent to distribute controlled substances." (Doc. # 379, Rule 11 Agreement at p. 1). Petitioner's Rule 11 Plea Agreement contained an appellate-waiver provision that stated as follows:

> 7.   WAIVER OF APPEAL
>
> Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

(*Id*. at p. 5).

In the Rule 11 Plea Agreement, the parties agreed that a statutory mandatory minimum term of imprisonment of 10 years is applicable to this case and that the applicable guideline range was 262-327 months. (*Id*. at p. 2).

The Government and Petitioner also entered into a Cooperation Agreement, which–if the Government filed a substantial assistance motion–required Petitioner to be sentenced to a prison term of at least 216 months and no more than 240 months. (Doc. # 487, Plea Hearing Tr. at Pg ID 2432).

The Judgment (Doc. # 452), issued on October 2, 2013, reflects that Petitioner pleaded

guilty to Count 1 of the Indictment, which charged Conspiracy to possess with intent to distribute and to distribute marijuana, cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846.  This Court sentenced Petitioner to a total term of 225 months' imprisonment.  Thus, Petitioner's sentence was within the range specified in his Cooperation Agreement.  The sentence imposed was just nine months over the agreed upon minimum sentence.

Petitioner filed a direct appeal.  His appellate counsel argued ineffective assistance of trial counsel.  Specifically, Petitioner argued that his defense counsel provided constitutionally ineffective assistance because counsel had previously represented a codefendant.  The Sixth Circuit affirmed Petitioner's conviction.  *United States v. Terry*, 613 F. App'x 540 (6th Cir. 2015). *Id.* at 542.  In so doing, the Sixth Circuit noted that Petitioner failed to provide concrete examples as to how his trial attorney's representation was ineffective and it concluded that counsel's ineffectiveness was not apparent from the record.  *Id.* at 542-43.  Petitioner also requested a remand to district court for a Rule 44 hearing.  The Sixth Circuit held that there was no need for an evidentiary hearing because Petitioner's trial attorney was no longer representing a codefendant when he began representing Petitioner.  *Id.* at 543.

On May 27, 2016, Petitioner filed a *pro se* motion seeking relief under 28 U.S.C. § 2255. (Doc. # 623, Pet.'s Mo.).  Petitioner also filed a brief in support of his motion.  (*Id*.).  The Government has filed a response in opposition to Petitioner's motion.  (Doc. # 655, Gov't Resp.).  Petitioner then filed a "motion for relief," (Doc. # 656, Pet.'s Reply), which the Court construes as Petitioner's reply to the Government's response.

## STANDARD OF REVIEW

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief.").

Because the files and records of the case conclusively show that Petitioner is entitled to no relief as to the claims in his § 2255 motion, an evidentiary hearing is not necessary and the matter is ready for a decision by this Court.

## ANALYSIS

In the instant motion, Petitioner essentially makes two arguments.  First, Petitioner asserts that the career offender enhancement he received is unconstitutional in light of *Johnson v.*

*United States*, 135 S.Ct. 2551 (2015).  Second, Petitioner argues that his attorneys, both trial and appellate, provided ineffective assistance at the time of Petitioner's plea, sentencing, and appeal.  Petitioners arguments are without merit for the reasons below.

**A.      Petitioner's Reliance on *Johnson* is Misplaced**

Petitioner appears to be challenging the career offender guideline enhancement he received under U.S.S.G. §4B1.1.  According to Petitioner, *Johnson* invalidated the residual clause of the sentencing guidelines.  (Pet.'s Br. at p. 15).  Petitioner's reliance on *Johnson* is misplaced.

In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause for being unconstitutionally vague.  *Johnson*, 135 S.Ct. at 2257.  Here, Petitioner cannot rely on *Johnson* because the Court did not sentence Petitioner under the ACCA's residual clause.  Nor was Petitioner sentenced under the ACCA at all.  And to the extent that Petitioner argues that *Johnson's* holding extends to the Sentencing Guidelines, Petitioner is mistaken.  The Supreme Court in *Beckles v. United States*, 197 L.Ed. 2d 145 (2017)*,* has clarified that *Johnson*'s void for vagueness argument does not apply to the residual clause of the career offender Sentencing Guidelines.

**B.      Ineffective Assistance of Counsel**

Petitioner also asserts a number of ineffective assistance of counsel claims against his trial attorneys, Anthony Chambers and Stephon E. Johnson, and against his appellate attorney, Paul L. Nelson.  Petitioner argues that he was denied effective assistance of counsel at the time of his plea, at the time of his sentencing, and at the time of his appeal, in violation of his rights under the Sixth Amendment.

The Sixth Amendment requires effective assistance of counsel at all critical stages of a criminal proceeding. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). Ineffective assistance of counsel claims are governed by the familiar test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88.

In order to demonstrate ineffective assistance of counsel, a petitioner must show both that defense counsel's performance was deficient, and that petitioner suffered prejudice as a result. *Id.* at 687. Indeed, it is permissible for a court to determine that prejudice cannot be established, and thus dispose of the claim without deciding whether counsel performed deficiently. *Id.* at 697 ("[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

### 1. Petitioner's Plea Agreement

Petitioner argues that Chambers' ineffectiveness caused him to enter an unknowing guilty plea. A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

"The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). It is well accepted that "the decision to plead guilty first, last, and always rests with the defendant, not his lawyer." *Smith v. U.S.*, 348 F.3d 545, 552 (6th Cir. 2003). However, an attorney is obligated to fully inform his or her client

of all available options. *Smith*, 348 F.3d at 552-53. "A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Id.*

The failure of defense counsel to "provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance." *Smith*, 348 F.3d at 553 (quoting *Moss v. United States,* 323 F.3d 445, 474 (6th Cir. 2003)). In order to demonstrate prejudice, "the petitioner must show 'a reasonable probability' that 'counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Briggs v. U.S.,* 187 Fed. App'x 540, 543 (6th Cir. 2006) (quoting *Smith*, 348 F.3d at 551).

    **a.**    **Failure to File Pre-Trial Motions**

First, Petitioner argues that Chambers was ineffective for failing to file pre-trial motions. (Pet.'s Br. at p. 24). Petitioner identifies the following as pre-trial motions he believes should have been filed on his behalf: (1) motion for discovery; (2) motion for Rule 404(b) materials; (3) motion for *Brady/Giglio* materials; (4) motion to compel agents to preserve rough notes; (5) motion for identity of confidential informants and for equal access to interview; (6) motion to dismiss for want of sufficiency; (7) motion for private investigator; and (8) motion for an independent drug analysis. (*Id*. at pp. 24-25).

Petitioner argues that as a result these failures, he was "left with an 'empty drawer' as to the strength of the government's case" and was therefore "unable to obtain the discovery that he needed to ... make an informed decision on whether to plead guilty or to proceed to trial." (*Id*. at

p. 25). Petitioner summarily concludes that "there is a reasonable probability that he would have opted to proceed to trial" if he had been provided with discovery. (*Id*. at pp. 25-26).

Despite Petitioner's assertions, he was not left with an "empty drawer" as to the Government's case. Quite the contrary was actually the case here. As the Government points out, most of the pre-trial motions identified by Petitioner amount to requests for materials *already* in Petitioner's possession.[1] (*See* Doc. # 119, Stipulation and Order (noting that "pursuant to each Defendants' counsel's request, the government provided discovery documents/information pursuant to Rule 16. Electronic copies of the discovery documents and audio/visual/audio-visual files were sent to defense counsel in waves, on February 3, 2012, on February 22, 2012, and on February 27, 2012. This discovery included over 5,000 pages of documents, including multiple affidavits and applications for search warrants and wiretaps, and over 2,000 media files, including audio and audio-visual recordings.")).

Moreover, Petitioner provides no factual or legal support from which the Court might evaluate the validity of the motions he claims should have been filed. And, in light of the extraordinary amount of documents provided in this case, the Court seriously doubts that such motions would have been successful. Notably, even Petitioner fails to argue that such motions would have been successful. Thus, Petitioner has not demonstrated that Chambers was ineffective. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of

---

[1] Petitioner also identifies several pre-trial motions that are unrelated to requests for discovery (motion for want of sufficiency, motion for private investigator, and motion for independent drug analysis). However, Petitioner fails to identify a single way in which he was prejudiced by Chambers' failure to file these motions. Petitioner's focus is solely on discovery (or the alleged lack thereof). As such, Petitioner has not established ineffectiveness or prejudice as to these motions.

defense counsel to pursue frivolous motions cannot constitute ineffective assistance of counsel).

Petitioner also fails to establish prejudice because he has not demonstrated that the filing of these motions would have changed his decision to plead guilty. Petitioner's conclusory assertion stating otherwise is insufficient. *See Kelley v. United States*, 2014 WL 2921821, at *10 (E.D. Tenn. June 27, 2014) ("To demonstrate a reasonable probability he would have gone to trial, a movant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial") (citations omitted).

### b. Alleged Failure to Investigate and Inform of Consequences of Pleading Guilty

Next, Petitioner argues that Chambers "failed to properly inform [Petitioner] of the correct relevant circumstances and likely consequences of pleading guilty, as opposed to proceeding to trial." (Pet.'s Br. at p. 26). According to Petitioner, Chambers erroneously advised that Petitioner would receive a maximum sentence of 120 months if he chose to plead guilty. (*Id*. at pp. 27-28). Petitioner asserts that he would have insisted on proceeding to trial if Chambers "properly advised [Petitioner] as to the proper amount of jail time he was facing." (*Id*. at 28).

Petitioner's arguments are flatly belied by the testimony he gave, under oath, at the plea hearing. Petitioner was given several opportunities to ask questions about the terms of the Plea Agreement. Instead, Petitioner assured the Court that he had discussed the terms of the Agreement and its attached worksheets with Chambers and Johnson, that he understood everything in the Agreement, and that he was satisfied with counsels' representation.

During this Court's plea colloquy, Petitioner testified as to the following:

The Court:     Okay. Sir, have you heard the charges that have been made against you?

| | |
|---|---|
| Defendant: | Yes, Your Honor. |
| The Court: | Have you discussed the charges, as well as the sentencing consequences of these charges, not only with Mr. Chambers, but also with Mr. Johnson? |
| Defendant: | Yes, Your Honor. |
| The Court: | And has Mr. Johnson – sorry. Has Mr. Chambers answered each and every question that you've had regarding the charges, as well as the sentencing consequences of the charges? |
| Defendant: | Yes, Your Honor. |
| The Court: | And has Mr. Johnson answered each and every question that you've had regarding the charges, as well as the sentencing consequences of the charges? |
| Defendant: | Yes, Your Honor. |
| The Court: | Do you have any questions at all regarding the charges or the sentencing consequences of these charges? |
| Defendant: | No, Your Honor. |
| The Court: | All right. It's my understanding that you have executed a Rule 11 Plea Agreement which has been marked as Exhibit One; is that correct? |
| Defendant: | Yes. |

. . . .

| | |
|---|---|
| The Court: | Before you signed that document, did you review the document, as well as the attached worksheets with Mr. Chambers? |
| Defendant: | Yes, Your Honor. |
| The Court: | Before you signed that document, Exhibit One, did Mr. Chambers answer each and every question that you had regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets? |
| Defendant: | Yes, Your Honor. |
| The Court: | And has Mr. Johnson answered each and every question that you've had regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets? |
| Defendant: | Yes, Your Honor. |
| The Court: | Are you satisfied with the advice and service that Mr. Chambers has provided to you in your case? |
| Defendant: | Yes, Your Honor. |
| The Court: | Are you satisfied with the advice and service that Mr. Johnson has provided to you in this case in his role as representing you at the plea hearing here today? |
| Defendant: | Yes, your honor. |

. . . .

| | |
|---|---|
| The Court: | Okay. Now, is your willingness to plead guilty a result of a Rule 11 Plea Agreement that came about after discussions between the government attorney and your attorney, – |
| Defendant: | Yes. |
| The Court: | – the government attorney being Mr. Cares, as well as your attorney, Mr. Chambers? |

| | |
|---|---|
| Defendant: | Yes, Your Honor. |
| . . . . | |
| The Court: | Okay. Do you see that the agreed statutory mandatory minimum term of imprisonment in is ten years? Do you see that? |
| Defendant: | Yes, Your Honor. |
| The Court: | So that means the bottom line, you have to serve ten years in prison; do you understand that? |
| Defendant: | Yes, Your Honor. Yes. |
| The Court: | All right. And you see where it reads, that your guideline range is 262 to 327 months in prison? Do you see that? |
| Defendant: | Yes, Your Honor. |
| The Court: | And, of course, the guidelines are advisory. However, has Mr. Chambers, as well as Mr. Johnson explained the significance of guidelines in sentencing? |
| Defendant: | Yes. |
| . . . . | |
| The Court: | Okay. Again, do you have any questions at all regarding anything contained in the Rule 11 Agreement, as well as the attached worksheets? |
| Defendant: | No, Your Honor. |
| The Court: | All right. Mr. Cares, is there anything you wish to put on the record regarding the Rule 11 provisions? |
| Mr. Cares: | Yes, Your Honor. As part of an addendum to the Rule 11 Plea Agreement, the government and the defendant entered into another agreement that has been presented to the Court, which is entitled "cooperation agreement." **If the Court were to accept the parties' Rule 11 Plea Agreement, which includes this cooperation agreement, there it is, an agreed-upon sentencing range which is between 216 months and a maximum of 240 months. So, in essence, if the Court accepts the Rule 11 Plea Agreement, the Court would be sentencing the defendant between that range** . . . . |
| . . . . | |
| The Court: | **Mr. Terry, do you have any questions regarding what was just put on the record?** |
| Defendant: | **No, Your Honor.** |
| The Court: | **Okay. And did you review that issue with Mr. Chambers as well as Mr. Johnson?** |
| Defendant: | **Yes, I did, Your Honor.** |
| . . . . | |
| The Court: | All right. Mr. Terry, apart from what is contained in the Rule 11 Agreement, have you been promised by this Court, the attorney for the government, Mr. Cares, or your attorney that you will be put on probation or receive any other specific sentence in return for pleading guilty to Count One? |

11

      Defendant:    No, Your Honor.
    . . . .
      The Court:    Has anyone tried to force you to plead guilty by mistreatment or pressure?
      Defendant:    No, Your Honor.

(Doc. # 487, Plea Hearing Trans. at pp. 7-11, 13-17 ) (emphasis added).

The record makes clear that Petitioner never indicated that he was coerced into accepting the Plea Agreement or that he was promised a sentence of 120 months in exchange for his guilty plea. It is also worth noting that the worksheets attached to the Plea Agreement explicitly explained the sentencing guidelines. By signing the Plea Agreement and by reviewing the worksheets/cooperation agreement, Petitioner indicated that he was aware of the consequences that he now claims ignorance. To the extent that Petitioner argues otherwise, this Court's proper plea colloquy cured any misunderstanding Petitioner may have had about the consequences of his plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

### 2. Petitioner's Sentencing

Petitioner also argues that he received ineffective assistance of counsel at sentencing. Specifically, Petitioner asserts that Johnson was ineffective for: (1) failing to review or discuss the PSR with Petitioner; (2) for failing to file certain objections to the PSR; (3) for failing to present mitigating circumstances to the Court; and (4) for failing to object to Petitioner's sentence being substantively unreasonable.[2] Each of these arguments are without merit.

#### a. Alleged Failure to Review/Discuss PSR

First, Petitioner argues that prior to sentencing, Johnson "failed to ever review, discuss or

---

[2] Petitioner makes this argument in a single sentence. Because this argument is asserted to in a perfunctory manner, the Court deems it waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

explain the PSR" with Petitioner. (Pet.'s Br. at 29). This argument is belied by the record. At Petitioner's sentencing, the following exchange occurred:

| | |
|---|---|
| The Court: | All right. Mr. Terry, have you had the opportunity to review the presentence report with your attorney, Mr. Johnson? |
| Defendant: | Yes, Your Honor. |
| The Court: | And do you have any objections, additions, corrections or deletions that you wish to bring to my attention? |
| Defendant: | No, Your Honor. |

(Doc. # 488, Sentencing Hearing Trans. at pp. 4-5). Again, Petitioner cannot use this motion as a vehicle to recant prior testimony made under oath.

### b.     Failure to File Certain Objections

Despite his position at the time of sentencing, Petitioner now faults Johnson for failing to file number of objections to the PSR. Petitioner's arguments are without merit. Petitioner has not established that these objections would have been successful. Nor can Petitioner demonstrate prejudice.

First, Petitioner argues that his prior charge of aggravated stalking was erroneously "used to add an additional criminal history point to his Criminal History Category." (Pet.'s Br. at p. 29). Since this charge was dismissed, Petitioner asserts that it should not have been counted against him. Petitioner is mistaken. The case Petitioner has identified is contained in paragraph 41 of the PSR, which indicates that Petitioner pled guilty to stalking pursuant to a diversionary proceeding and that the case was dismissed after Petitioner had completed a diversionary program. (PSR at ¶ 41). According to the sentencing guidelines, "[a] diversionary disposition resulting from a finding or admission of guilt ... in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered..." U.S.S.G. § 4A1.2(f). As such, Johnson was not ineffective for failing to object.

Next, Petitioner asserts that the PSR erroneously indicated that he was on probation at the time of the instant offense. (Pet.'s Br. at p. 29). Petitioner argues that because "the subject probation was imposed in 2008 for only one (1) year," he was not on probation at the time of the instant offense. (*Id*.). Presumably, Petitioner is arguing that his criminal history category was increased by two points as a result of this inaccuracy. Petitioner is wrong. The sentencing guidelines specifically allow for the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation..." U.S.S.G. §4A1.1(d). Here, Petitioner does not dispute that the instant offense (the conspiracy) began in approximately 2008 and that it continued for several years. As such, Petitioner was on probation (beginning in August 2008 for 12 months) while also engaging in relevant offense conduct.

Petitioner also argues that Johnson failed to object to certain sentencing guideline enhancements (*e.g.*, for maintaining a drug house and for his leadership role). Petitioner claims that these "accusations are unreal" and without any "evidentiary basis." (Pet.'s Br. at 30). Petitioner's argument is without merit. Petitioner does not argue that these objections would have been meritorious. Importantly, Petitioner had already stipulated to a guideline calculation using these enhancements. (Plea Agreement at Pg ID 1909, 1915). Petitioner also fails to demonstrate that he was prejudiced as a result of Johnson's failure to object. Because Petitioner was sentenced as a career offender, his offense level would not have changed even if the objections were made.

### c. Failure to Present Mitigating Circumstances

In his last argument, Petitioner asserts that "Johnson also failed to argue for mitigation of

14

[Petitioner's] sentence." (Pet.'s Br. at 30). Specifically, Petitioner contends that Johnson should have made arguments relating to sentencing disparities between Petitioner and his co-defendants. Petitioner identifies Trent Obamwonyi as a co-defendant that was "equally culpable" in the charged offense, but who received a lesser sentence than Petitioner.

Petitioner cannot establish that he was prejudiced as a result of Johnson's failure. As the Government points out, the Court had sentenced Petitioner's co-defendants and was therefore aware of any sentencing disparity. Thus, Petitioner cannot demonstrate that such an argument–if advanced by Johnson–would have resulted in a different sentence.

### 3. Petitioner's Appeal

Petitioner also argues that his appellate attorney, Paul L. Nelson, was ineffective for: (1) failing to raise arguments that Petitioner wanted raised on appeal; (2) for failing to file a petition for rehearing; and (3) for failing to file a petition for a writ of certiorari to the Supreme Court. Each of these arguments are without merit.

Petitioner's first argument–that Nelson failed to raise "several issues" that Petitioner wanted raised on appeal–is not persuasive. Petitioner's issue appears to be with Nelson's failure to raise ineffective assistance of trial counsel claims. In making this argument, Petitioner generally reasserts the same claims raised above. Petitioner cannot establish that his appellate counsel was ineffective for failing to raise claims based on ineffective assistance of trial counsel. Given this Court's conclusion that such claims are without merit, Petitioner could not have been prejudiced by Nelson's failure to raise these claims on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (to demonstrate ineffective assistance of appellate counsel, petitioner must show that the claims counsel failed to raise would have succeeded on appeal).

Petitioner's remaining two arguments relate to appellate counsel's failure to file a petition for rehearing and a petition for certiorari. Petitioner's conclusory argument consists of two sentences and lacks any analysis. As such, the argument is waived. *See McPherson*, 125 F.3d at 995-96 (noting that arguments asserted to in a perfunctory manner are deemed waived).

Moreover, even if properly supported, Petitioner's argument is misplaced. A "defendant does not have a constitutional right to counsel in pursuing discretionary review of a conviction." *Stutt v. United States*, 2005 WL 1389181 at *3 (W.D. Mich. June 10, 2005) (citing *Wainwright v. Torna*, 455 U.S. 586, 587 (1982)). As such, Petitioner cannot establish ineffective assistance of counsel based on Nelson's failure to file a petition for rehearing *en banc*, or a petition for a writ of *certiorari* to the United States Supreme Court. *See McNeal v. United States*, 1995 WL 290233 at *1-2 (6th Cir. May 11, 1995) (holding that there is no constitutional right to counsel in pursuing a petition for a writ of *certiorari* and that there is no constitutional right to counsel in seeking rehearing *en banc*); *United States v. Bowden*, 2009 WL 2370789 at *7 (W.D. Mich. July 30, 2009) ("where he had no constitutional right to counsel on matters related to filing a motion for rehearing or hearing *en banc*, [petitioner] could not have been denied the effective assistance of counsel by his counsel's failure to pursue these forms of discretionary review"); *Newland v. United States*, 2010 WL 1031126, at *15 (S.D. Ohio Mar. 17, 2010) ("Therefore, petitioner cannot establish the ineffective assistance of counsel based on his attorney's refusal to file a petition for rehearing *en banc*, or a petition for a writ of *certiorari* to the United States Supreme Court").

**C.     Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. As such, the Court declines to issue a certificate of appealability.

## CONCLUSION & ORDER

For the foregoing reasons, **IT IS ORDERED** that Petitioner's 28 U.S.C. § 2255 motion is **DENIED**. Additionally, this Court declines to issue a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 27, 2017                                    s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Crim. Case No. 11-20752

v.

                                          Hon. Sean F. Cox

DARREN TERRY,

    Defendant.

_____/

PROOF OF SERVICE

        I hereby certify that on July 27, 2017, the foregoing document was served on counsel of record via electronic means and upon Darren Terry via First Class mail at the address below:

Darren Terry 15441039
FORT DIX
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 2000
FORT DIX, NJ 08640

                                                          s/J. McCoy
                                                          Case Manager