UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                              Case No. 11-20752

Darren Terry,                                           Sean F. Cox
                                                          United States District Court Judge
    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

In 2013, Defendant Darren Terry pleaded guilty to one count of conspiracy to distribute controlled substances. The Court imposed a 225-month sentence. Terry recently moved for compassionate release, arguing that he is at risk of developing life-threatening symptoms if he contracts the novel coronavirus ("COVID-19") because he suffers from certain medical conditions. In an Opinion and Order issued on August 10, 2020, this Court denied Terry's motion seeking compassionate release. The matter is now before the Court on Terry's Motion seeking reconsideration of that ruling. For the reasons set forth below, the Court DENIES Terry's Motion for Reconsideration.

### BACKGROUND

On April 2, 2013, Terry pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and § 846. (ECF No. 379). At sentencing, Terry's Guidelines Range was 216 to 240 months'

1

imprisonment. On September 18, 2013, the Court sentenced Terry to 225 months' imprisonment. (ECF No. 452). Terry is expected to be released on October 4, 2029.

In seeking compassionate release, Terry argued that he is at heightened risk of more serious illness, if he were to contract COVID-19, because of his medical conditions.

The Government opposed Terry's motion on the merits, arguing that Terry's medical conditions do not constitute "extraordinary and compelling reasons" for release, that Terry's release would endanger the community, and that the § 3553(a) factors do not favor release.

In an Opinion and Order issued on August 10, 2020, this Court denied Terry's motion seeking compassionate release. The matter is now before the Court on Terry's Motion seeking reconsideration of that ruling.

## ANALYSIS

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

After reviewing Defendant Terry's Motion for Reconsideration, this Court concludes that he has not met that standard.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of

making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons."   Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).  *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

In denying Terry's motion, this Court concluded that Terry did not satisfy the first eligibility threshold for compassionate release during this pandemic, based upon his documented medical conditions.  In doing so, this Court noted that Terry had not sufficiently substantiated that he actually suffers from diabetes or colon cancer.

Because this Court concluded that Terry did not satisfy the first threshold for relief, this Court did not address whether the § 3553 factors weighed in his favor, nor did it address the Government's argument that the motion should also be denied based upon dangerousness.

Terry now asks the Court to reconsider its ruling and seeks to present the Court with additional documentation concerning his alleged medical conditions.

But even if this Court were to conclude that Terry could satisfy the first eligibility threshold for relief, this Court would have to also conclude that the § 3553 factors weigh in his favor, and that Terry does not pose a danger to others, in order to grant relief.

The Government persuasively argued that Terry is ineligible for compassionate release because he is a danger to the community.  Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  The record does not support such a finding in this case, where Defendant trafficked significant quantities of drugs in this case and also has a significant criminal history prior to this case.

The § 3553(a) factors, including Terry's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against his request for compassionate release.  Terry's criminal conduct in this case was serious and allowing him to be released approximately *nine years early* would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities.

Accordingly, this Court concludes that Defendant Terry is not an appropriate candidate for the extraordinary remedy of compassionate release and denies his motion for reconsideration.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED.**

    **IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  November 13, 2020