UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                Criminal Case No. 11-20752

Darren Terry,                        Sean F. Cox
                                                 United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S SECOND MOTION FOR RECONSIDERATION

In this criminal action, Defendant Darren Terry pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and § 846. (ECF No. 379). On September 18, 2013, the Court sentenced Terry to 225 months' imprisonment. (ECF No. 452). Defendant is currently serving that sentence.

Terry filed a direct appeal but the United States Court of Appeals for the Sixth Circuit affirmed Terry's conviction. *United States v. Terry*, 613 Fed. App'x 540 (6th Cir. 2015).

Terry filed a habeas petition under 28 U.S.C. § 2255, which this Court denied in an Opinion and Order issued on July 27, 2017. (ECF No. 657). This Court also declined to issue a certificate of appealability. Terry did not appeal the Court's decision on his § 2255 petition and the time permitted for doing so has passed.

Since Terry's conviction became final, he has made other attempts to reduce his sentence. In 2018, he sought a reduction because he believed that his Guidelines Range had been lowered after his conviction. (ECF No. 670). The Court denied this motion because Terry was sentenced

as a career offender and, therefore, his Range did not actually change. (ECF No. 676). In 2019, he sought a reduction under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), arguing that one of his prior convictions no longer counted towards his career offender status. (ECF No. 691). The Court construed this motion as a second or successive § 2255 petition and transferred it to the Sixth Circuit. (ECF No. 705). The Sixth Circuit later dismissed Terry's motion for want of prosecution in November of 2019. (ECF No. 707).

On April 30, 2020, Terry filed a Motion for Compassionate Release (ECF No. 711), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). That motion asked the Court to allow Terry to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. After full briefing by the parties, this Court ultimately denied that motion in an Opinion and Order issued on August 10, 2020. (ECF No. 728). This Court also denied Terry's motion seeking reconsideration of that ruling. (ECF. No. 750).

Terry appealed this Court's denial of his motion for compassionate release. In an Order issued on April 5, 2021, the Sixth Circuit dismissed that appeal as untimely. (*See* ECF No. 758).

Thereafter, on May 3, 2021, Terry filed another Motion for Compassionate Release based upon concerns about COVID-19. (*See* ECF No. 760). As that motion does not raise any new or changed circumstances, the Court construes the motion as a motion for reconsideration and will rule upon the motion without ordering another response from the Government.

The Local Rules of this district allow for motions for reconsideration, which are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides: "Generally, and without restricting the court's discretion, the court will not grant

motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

Here, Terry's motion presents the very same issues and arguments that he presented in his prior Motion for Compassionate Release and this Court continues to conclude that Terry is not entitled to relief.

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, 984 F.3d. 516, 518 (6th Cir. 2021). The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors

3

listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra.*

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at 519. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two]

4

is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at 519 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Terry contends that his request for compassionate release should be granted because his health conditions, in conjunction with the ongoing pandemic, constitutes extraordinary and compelling circumstances.

Even if Terry could establish that his health conditions constitute extraordinary and compelling circumstances in light of the pandemic, this Court concludes that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense weigh against his release. Terry pleaded guilty to conspiracy to possess with intent to distribute and to distribute marijuana, cocaine, and cocaine base. Terry was involved in a large-scale drug organization.

Moreover, this was not Terry's first offense. Terry has an extensive criminal history, going back to the age of seventeen, that includes four prior felonies.

As this Court noted at Terry's sentencing, Terry has substance abuse issues and has a

sketchy employment history. He has fathered several children and, at the time of sentencing, was $17,000 in arrears in child support.

This Court does not believe that releasing Defendant Terry early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Terry. In sum, this Court continues to conclude that Terry is not an appropriate candidate for the extraordinary remedy of compassionate release.

Accordingly, **IT IS ORDERED** that Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: June 2, 2021