UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Criminal Case No. 11-20752

DARREN TERRY,                  Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING ECF NOS. 788 & 793

In this criminal action, Defendant Darren Terry ("Terry") pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and § 846. In 2013, this Court sentenced Terry to 225 months of imprisonment and he is currently serving that sentence. In the last several years, Terry has filed a series of *pro se* Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Recently, he filed two more . (ECF Nos. 788 & 793). This Court has denied them all and denies these additional motions as well. A hearing on the motions is not necessary.

## BACKGROUND

Terry pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and § 846. This Court sentenced Terry to 225 months of imprisonment and he is currently serving that sentence.

Terry filed a direct appeal but the United States Court of Appeals for the Sixth Circuit affirmed Terry's conviction. *United States v. Terry*, 613 Fed. App'x 540 (6th Cir. 2015).

Terry filed a habeas petition under 28 U.S.C. § 2255, which this Court denied in an

Opinion and Order issued on July 27, 2017. This Court also declined to issue a certificate of appealability. Terry did not appeal the Court's decision on his § 2255 petition and the time permitted for doing so has passed.

Since Terry's conviction became final, he has made other attempts to reduce his sentence. In 2018, he sought a reduction because he believed that his Guidelines Range had been lowered after his conviction. The Court denied this motion because Terry was sentenced as a career offender and, therefore, his Range did not actually change. In 2019, he sought a reduction under *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), arguing that one of his prior convictions no longer counted towards his career offender status. The Court construed this motion as a second or successive § 2255 petition and transferred it to the Sixth Circuit. The Sixth Circuit later dismissed Terry's motion for want of prosecution in November of 2019.

On April 30, 2020, Terry filed a Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582, based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). That motion asked the Court to allow Terry to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it. After full briefing by the parties, this Court ultimately denied that motion in an Opinion and Order issued on August 10, 2020. This Court also denied Terry's motion seeking reconsideration of that ruling.

Terry appealed this Court's denial of his motion for compassionate release. In an Order issued on April 5, 2021, the Sixth Circuit dismissed that appeal as untimely.

Thereafter, on May 3, 2021, Terry filed another Motion for Compassionate Release based upon concerns about COVID-19. As that motion did not raise any new or changed

circumstances, the Court construed the motion as a motion for reconsideration and denied it in an Opinion and Order issued on June 2, 2021.

Terry appealed this Court's rulings as to his requests for compassionate release. In an unpublished opinion issued on October 12, 2021, the United States Court of Appeals for the Sixth Circuit affirmed this Court's rulings.

Undeterred, Terry filed yet another motion seeking compassionate release on January 24, 2022. The Government again opposed the motion on the merits. This Court denied this additional motion on March 14, 2022. Terry appealed that ruling.

On June 30, 2022, Terry filed a "Motion to Amend" asking this Court "to expedite his claim of reduction of sentence under 3582(c) of the First Step Act." (ECF No. 780). As the Government noted in its response, Terry did not have a pending motion before this Court at that time and this Court has repeatedly denied Terry's motions seeking compassionate release. As such, the Court denied this motion in an Order issued on August 22, 2022.

On September 2, 2022, Terry re-filed an almost identical one-paragraph submission but changed the title. In an Order issued on October 3, 2022, this Court denied that motion because the Court continues to conclude that Terry has not established that he is entitled to a sentence reduction under § 3582.

On October 24, 2022, while his appeal of this Court's order denying Terry's January 24, 2022 motion was still pending, Terry filed yet another Motion for Compassionate Release. (ECF No. 788). In this motion, Terry asks for a reduction in his sentence in light of the Supreme Court's ruling in *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

On November 22, 2022, the Sixth Circuit issued an Order on Terry's third appeal of this

Court's rulings denying his motions for compassionate release. (*See* ECF No. 791). The Sixth Circuit again affirmed this Court's ruling.

On November 29, 2022, Terry filed yet another Motion for Compassionate Release (ECF No. 793), that presents the same arguments in the motion he filed on October 24, 2022.

## ANALYSIS

"Sentence modifications are the exception, not the rule. This is because 'a judgment of conviction that includes a sentence [of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citations omitted). "One exception to the rule of finality is set forth in what is colloquially known as the 'compassionate release' statute." *Id*. "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

A district court must deny a defendant's motion for compassionate release if the defendant fails to show that either extraordinary and compelling reasons warrant a sentence reduction or that a consideration of the § 3553(a) factors support a reduction. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021). And even if the prisoner has satisfied those requirements, "the district court 'may reduce the term of imprisonment,' but need not do so." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting § 3582(c)(1)(A)).

In his series of motions, Terry has argued that various things, considered separately or collectively, constitute extraordinary and compelling circumstances that warrant a sentence

4

reduction in his case. In his current motions, he argues that he should be given a sentence reduction in light of the Supreme Court's ruling in *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

This Court need not address that argument (or others) because, as this Court has already explained in a series of opinion and orders, this Court concludes that a consideration of the § 3553(a) factors warrants a denial of compassionate release in this particular case in any event. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a)"). Nothing has changed. The nature and circumstances of Terry's offense continue to weigh against his release. Terry pleaded guilty to conspiracy to possess with intent to distribute and to distribute marijuana, cocaine, and cocaine base. Terry was involved in a very large-scale drug organization. And this was not his first offense. Terry has an extensive criminal history, going back to the age of seventeen, that includes four prior felonies. This Court does not believe that releasing Terry early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes by Terry. Thus, this Court continues to conclude that Terry is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

Accordingly, the Court **ORDERS** that Terry's Motions **ARE DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 1, 2022

5